[Cite as *State v. Whiting*, 2016-Ohio-3181.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103765

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NIESHA P. WHITING

DEFENDANT-APPELLANT

## JUDGMENT:
### DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595765-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 26, 2016

**ATTORNEY FOR APPELLANT**

Mary Elaine Hall
245 Leader Building
526 Superior Avenue, East
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Carl Mazzone
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**Also listed:**

Neisha Whiting
Ohio Reformatory for Women
1479 Collins Avenue
Marysville, Ohio 43040

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Niesha Whiting, appealed the trial court's judgment in Cuyahoga C.P. No. CR-15-595765-A. Appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1997), and has moved for leave to withdraw as counsel pursuant to Loc.App.R. 16.

{¶2} In *Anders*, the United States Supreme Court held that if counsel thoroughly reviews the record and concludes that the appeal is "wholly frivolous," counsel may advise the court of that fact and request permission to withdraw from the case. *Anders* at 744. However, counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the [a]ppeal." *Id.* Counsel must also furnish a copy of the brief to his client in sufficient time to allow the appellant to file his own brief, pro se. *Id._*

{¶3} In this case, appointed counsel complied with the requirements of *Anders* and Loc.R. 16(C). This court granted Whiting until March 18, 2016, to file a pro se brief. Whiting did not file a pro se brief.

{¶4} In her *Ander*'s brief, appellate counsel set forth the following potential assignment of error:

> Whether the trial court imposed a two year consecutive sentence upon the defendant-appellant, Niesha Whiting contrary to law?

**{¶5}** As part of the independent review, this court has examined and considered the potential arguments identified in counsel's *Anders* brief. In addition, this court has conducted an independent examination of the relevant portions of the sentencing transcript to determine if any arguably meritorious issues exist. *Anders*, 386 U.S. at 744, 87 S.Ct.1396, 18 L.Ed.2d 493.

**{¶6}** *Anders* instructs that if the appellate court determines that the appeal would be "wholly frivolous" (that there are no legal points of arguable merit), "it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires." *Anders*, 386 U.S. at 744. If, however, the court finds any legal points arguable on their merits, it must afford the appellant assistance of counsel before deciding the merits of the case. *Id.*

**{¶7}** Upon a complete review of the record, this court agrees that the potential assignment of error advanced by appellate counsel is without merit and has found no other error of arguable merit that resulted in prejudice to Whiting. The motion of appointed counsel to withdraw is granted. This appeal is dismissed in accordance with *Anders*.

**{¶8}** Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR